IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Da'Rell V. Ray a/k/a Darell Vashaun Ray, | ) Civil Action No.:2:13-00911-JFA-BHH |
| Petitioner, | ) **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | ) |
| Robert Stevenson, *Warden*, *Broad River Correctional Institution*, | ) |
| Respondent. | ) |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on April 3, 2013. (See Dkt. No. 1-1.) On June 26, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 17.) By order filed June 27, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 18.) Petitioner filed his Response in Opposition on or about September 4, 2013. (Dkt. No. 22.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In May of 2008, the Spartanburg County Grand Jury indicted Petitioner for murder and attempted armed robbery. (Dkt. No. 17-1.) Petitioner was represented by Robert B. Hall, Esquire, and E. Joshua Schultz, Esquire. (See Dkt. No. 17-3 at 5 of 9.) Petitioner pled guilty to both charges on February 5,

2009. (See Dkt. No. 17-1.) Petitioner was sentenced to thirty years on the murder charge and twenty years, concurrent, on the charge of attempted armed robbery. (See Dkt. No. 17-1.)

Petitioner did not file a direct appeal. However, on February 8, 2010, he filed an application for post-conviction relief ("PCR"). (See Dkt. No. 17-7 at 1 of 3; see also Dkt. No. 17-3.) In that PCR application, Petitioner contended that he was being held in custody unlawfully due to a Brady violation and ineffective assistance of counsel. (See Dkt. No. 17-3 at 7-9 of 9.) The Respondent filed a Motion to Dismiss, contending the application was filed three days too late and therefore after the statute of limitations had expired. (See Dkt. No. 17-4.)

On November 5, 2010, the Honorable J. Derham Cole signed a Conditional Order of Dismissal. (See Dkt. No. 17-5.) That Conditional Order stated, *inter alia*,

> The Applicant was convicted of the offense(s) he challenges in this Application on February 5, 2009. The Applicant did not appeal his conviction or sentence. The Applicant was therefore required to file his application before February 5, 2010. This Application was filed on February 8, 2010, which was three days after the statutory filing period had expired.

(Dkt. No. 17-5 at 3-4 of 4.) Petitioner filed a Response to the Conditional Order of Dismissal, contending that, pursuant to Houston v. Lack, 487 U.S. 266 (1988), he filed his application on February 4, 2010, when he "forwarded his PCR application for delivery to the Clerk of Court." (Dkt. No. 17-6 at 1 of 2.) On March 6, 2012, Judge Cole signed the Final Order of Dismissal. (See Dkt. No. 17-7.)

Petitioner filed an appeal, but on August 6, 2012, the Supreme Court of South Carolina dismissed the appeal, stating,

> In the explanation required by Rule 243(c) of the South Carolina Appellate Court Rules (SCACR), petitioner has failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. Accordingly, this matter is dismissed.

(Dkt. No. 17-9.) The matter was remitted to the lower court on August 23, 2012. (Dkt. No. 17-10.)

On April 3, 2013, Petitioner filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel.
>
> **Ground Two:** Due Process violation.
>
> **Ground Three:** Brady violation.
>
> **Ground Four**: Involuntary guilty plea.
>
> **Ground Five**: Breach of plea agreement.
>
> **Ground Six**: Failure to consult regarding direct appeal.
>
> **Ground Seven**: Due Process violation for State of South Carolina denying me access to post-conviction relief and improperly applying a statute of limitation procedural bar.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id.

3

(quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent contends he is entitled to summary judgment in the instant case because, *inter alia*, the § 2254 petition is barred by the statute of limitations. (See Dkt. No. 17 at 11-12.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights

4

and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends Petitioner's conviction became final on February 15, 2009. (Dkt. No. 17 at 11 of 24.) Respondent states,

> The AEDPA one (1) year statute of limitations began to run on February 16, 2009. Petitioner did not file his PCR action until February 8, 2010. As a result, eleven (11) months and approximately twenty-two (22) days of un-tolled time expired on the AEDPA one (1) year time clock before Petitioner filed his PCR action. Petitioner had approximately eight (8) days remaining within which to timely file his federal habeas petition.

(Dkt. No. 17 at 11.) Respondent asserts that Petitioner's PCR action did not toll the statute of limitations because it "was not a properly filed PCR action under state law." (Id.) Respondent contends that the AEDPA one-year statute of limitations expired on February 16, 2010, approximately eight days after Petitioner filed his untimely PCR application. (Id.) Respondent argues that Petitioner "is in violation of the AEDPA one (1) year statute of limitations by over three (3) years" because he did not file his § 2254 petition until April 3, 2013. (Id.)

Finally, Respondent notes that Petitioner's habeas petition is untimely "even if the federal statute of limitations remained tolled during the pendency of the untimely state PCR action." (Id. at 12.) Respondent contends that, even if the statue of limitations was tolled during the state PCR proceeding, Petitioner "is in violation of the AEDPA one (1) year statute of limitations by over seven (7) months." (Id.)

The undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 16) because the instant § 2254 petition is untimely. Rule 203 (b)(2) of the South Carolina Appellate Court Rules provides, in relevant part, "After a plea or trial

resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed." S.C. App. Ct. R. 203(b)(2). Petitioner was sentenced on February 5, 2009, and did not appeal; his convictions therefore became final on February 17, 2009.[1] See S.C. App. Ct. R. 203(b)(2); see also Johnson v. Warden, 6:10–19–HFF–KFM, 2010 WL 4386947, at *4 (D.S.C. Sept. 21, 2010), adopted at 2010 WL 4393281 (D.S.C. Oct. 29, 2010). Petitioner filed his application for post-conviction relief on February 8, 2010. At that point, 356 days of non-tolled time had passed; he had a remaining 9 days within which to file his federal habeas petition.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under § 2244(d). In the instant case, however, the state collateral attack was not "properly filed" because it was not timely filed. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); see also Allen v. Siebert, 552 U.S. 3, 7 (2007) ("We therefore reiterate now what we held in Pace: 'When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)'" (quoting Pace, 544 U.S. at 414)). The time during which Petitioner's PCR action was pending therefore counts towards the one-year statute of limitations set forth in § 2244(d); Braveboy v. Cartledge, Civ. A. No. 8:11-2075-TMC-JDA, 2011 WL 6961331, at *2 (D.S.C. Dec. 5, 2011), adopted at 2012 WL 33219 (D.S.C. Jan. 6, 2012) ("Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d) (2) does not apply because the application was not properly filed."). Petitioner had until February 17, 2010, to timely file

---

[1] Monday, February 16, 2009, was a federal holiday. See S.C. App. Ct. R. 263.

his federal habeas petition. When Petitioner filed the instant § 2254 petition on April 3, 2013, it was more than three years too late.[2]

In his Response in Opposition, Petitioner states that the Return "is the very first time the S.C. Attorney General's Office has been truthful in finally conceding that Petitioner's convictions and sentences became final on February 15, 2009." (Dkt. No. 22 at 5 of 8.) Petitioner argues that, "[b]y finally conceding this fact, the Respondent has finally truthfully acknowledge[d] that the Petitioner's February 8, 2010 filing date of his PCR application is timely under South Carolina law." (Id.) As explained in Footnote 2, such an argument does not alter the result. Petitioner's § 2254 petition is untimely.

The undersigned further recommends a finding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562-63 (2010) (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent

---

[2]Petitioner's § 2254 petition is untimely, even if the period during which his PCR proceeding is not counted towards the one-year statute of limitations. As noted above, when Petitioner filed his PCR proceeding, 356 days of non-tolled time had passed, and Petitioner had nine remaining days within which to timely file his federal habeas petition. Even excluding the time between February 8, 2010 (when Petitioner filed his PCR action), and August 23, 2012 (when the remittitur was issued), Petitioner had until September 4, 2012, to timely file his federal habeas petition. Because he filed the instant petition on April 3, 2013–even excluding the time during which his untimely PCR action was pending–Petitioner filed his § 2254 petition more than six months too late.

misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court.").

Because Petitioner's § 2254 petition is untimely, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 16.)

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 16) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

December 10, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[3]  Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).