UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Da'Rell V. Ray, | ) | C/A No. 2:13-0911-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Robert Stevenson, Warden, Broad River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Da'Rell Ray, is an inmate at the Broad River Correctional Institution. He brings this action under 28 U.S.C. § 2254 challenging his 2009 state court convictions for murder and attempted armed robbery.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and finds that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation and he has timely done so. The court has conducted a *de novo* review of the petitioner's objections which will be discussed herein.

The Report and Recommendation recites the factual and procedural background giving rise to this action. Briefly, the petitioner pled guilty to charges of murder and attempted armed robbery and was sentenced to 30 years and 20 years to run concurrent. He did not seek direct review of his convictions and sentences. He filed his first application for post conviction relief (PCR) on February 8, 2010, alleging a *Brady* violation and ineffective assistance of counsel. The PCR court dismissed the application as untimely. Petitioner's appeal of that decision was also dismissed by the South Carolina Supreme Court for failure to show that there was an arguable basis for asserting that the PCR court's determination was improper.

The present § 2254 petition was filed on April 3, 2013. Therein, the petitioner raises various claims of ineffective assistance of counsel, due process and *Brady* violations, involuntary guilty plea, breach of the plea agreement, and improper application of a state procedural bar.

In his motion for summary judgment, the respondent asserts that the petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Respondent submits that the petitioner's state PCR application did not toll the statute of limitations because it was not a properly filed action under state law.

2

The Magistrate Judge notes that petitioner was sentenced on February 5, 2009 and did not file a direct appeal. Petitioner's PCR was filed on February 8, 2010. The state PCR judge dismissed the PCR as untimely by three days, finding that petitioner was required to file his PCR before February 5, 2010—one year after his February 5, 2009 conviction. The petitioner responded to the PCR court's conditional order of dismissal contending that he filed his application on February 4, 2010 when he forwarded his PCR application to the prison officials. He argued that under *Houston v. Lack*, 487 U.S. 266 (1988), his PCR application was timely. On March 6, 2012, Judge Cole signed a final order of dismissal. Petitioner then appealed the Judge Cole's decision to the South Carolina Supreme Court, but on August 6, 2012, the Court dismissed the appeal stating that in the explanation required by Rule 243(c) of the South Carolina Appellate Court Rules (SCACR), petitioner failed to show that there was an arguable basis for asserting that the determination by the lower court was improper. The remittitur was issued on August 23, 2012.

Under *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) and 28 U.S.C. § 2244(d)(2), the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitations. However, the petitioner's state PCR was not properly filed because the state courts found it untimely.

The Magistrate Judge further explains that petitioner's § 2254 petition is untimely even if the period during which his PCR proceeding is not counted towards the one-year statute of limitations under the AEDPA. When petitioner filed his PCR proceeding on

3

February 8, 2010, 356 days of non-tolled time had passed and so petitioner had nine days to timely file his federal habeas petition. Even excluding the time between February 8, 2010 (when petitioner filed his PCR action) and August 23, 2012 (when the remittitur was issued), petitioner had until September 4, 2012 to timely file his federal habeas petition. Because petitioner filed the instant § 2254 petition on April 3, 2014—even excluding the time during which his untimely PCR action was pending— which was more than six months too late.

The Magistrate Judge also explains that simply because the respondent concedes that his conviction became final on February 15, 2009 (which petitioner argues makes his February 8, 2010 filing timely), this does not alter the fact that his federal § 2254 petition is untimely.

Under *Holland v. Florida*, 560 U.S. 631 (2010) the Supreme Court recognized that the limitations period for filing a federal habeas petition may be equitably tolled if the petitioner shows he has been diligently pursing his rights and some extraordinary circumstance stood in his way to prevent him from filing his habeas petition. Section 2244(d) allows tolling during the time a "properly filed" application for state post conviction is pending. Here, however, the state PCR was dismissed as untimely, thus it was not a "properly filed" application so that equitable tolling could apply. Further, an application for post conviction relief is not properly filed if the application is untimely under state law. *Pace v. DeGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of Section 2244(d)(2)."

Specifically, the Magistrate Judge suggests that the petitioner failed to file his first PCR action until *after* the one-year statute of limitations expired in state court and he cannot show the existence of an "extraordinary circumstance" that prevented him from filing a habeas action in this court. Moreover, ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner objects to the Magistrate Judge's finding that he is not entitled to equitable tolling and for not evaluating "the fraud and misrepresentations the respondent has perpetrated in state court proceedings regarding the timeliness of his state PCR application." He then suggests that the respondent has been "sabotaging" his case and has engaged in prosecutorial misconduct to thwart the petitioner's ability to meet the statute of limitations of the AEDPA.

In *Bogan v. South Carolina*, 204 Fed. App'x 160, 160–61 (4th Cir. 2006), the Fourth Circuit noted that recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible." In *Parmaei v. Jackson*, 378 Fed. App'x 331, 332 (4th Cir. 2010), the Fourth Circuit concluded that equity should operate to allow the petitioner to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."

5

*Bogan* and *Parmaei* involve conduct vastly different from the conduct complained of in this case. Essentially, petitioner argues that by finding his state PCR untimely, the respondent has somehow engaged in prosecutorial misconduct that prevented him from filing his federal habeas petition. The court respectfully disagrees. These objections do not support the diligent support of rights or extraordinary circumstances so as to allow equitable tolling. Accordingly, these objections are overruled.

## CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, the respondent's motion for summary judgment (ECF No.16) is granted and the § 2254 petition is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

March 25, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge